UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**GLORIANA R. DEJESUS,**
      - **Plaintiff**

    v.                              CIVIL NO. 3:10-CV-705 (CFD)(TPS)

**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**
      - **Defendant**

## MAGISTRATE JUDGE'S OPINION

**I. Introduction**

The plaintiff, Gloriana R. DeJesus, brings this action pursuant to Section 205(g) of the Social Security Act. See 42 U.S.C. § 405 (g). She seeks review of a final decision by the defendant, the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income. (R. at 13); Def.'s Mem. in Supp. 1. The plaintiff moves for an order reversing the Commissioner's decision. (Dkt. #17). The Commissioner opposes the plaintiff's motion and moves for an order affirming his decision. (Dkt. #22). The issue presented in this case is whether the Commissioner's finding that the plaintiff was not disabled is supported by substantial evidence in the record and

is legally correct. For the reasons discussed below, the plaintiff's motion to reverse and remand (Dkt.#17) should be **DENIED** and the defendant's motion to affirm (Dkt. #22) should be **GRANTED**. 28 U.S.C. § 636(b).

**II. Discussion**

    **A. Factual and Legal Background**

The plaintiff was born on December 14, 1978 and was twenty-eight years old on the date that the application was filed. (R. at 20). The plaintiff has a ninth grade education. (R. at 32). The plaintiff's past relevant work is as a fast food worker. (R. at 20). On December 12, 2007, the plaintiff filed an application for Supplemental Security Income, alleging disability since December 1, 1987. (R. at 13). The claim was initially denied on May 14, 2008. Id. On November 13, 2008, the claim was denied upon reconsideration. Id. On December 12, 2008, the plaintiff filed a written request for a hearing. Id. The hearing was held on November 24, 2008, before Administrative Law Judge ("ALJ") Bruce H. Zwecker, where the plaintiff appeared and testified. (R. at 27). The ALJ issued an unfavorable decision on December 4, 2009. (R. at 7). On May 7, 2010, the plaintiff filed the instant case. Pl.'s Compl. 1, ECF No. 1. The Commissioner concedes that the plaintiff has exhausted her administrative remedies and that judicial review is appropriate. Def.'s Mem. in Supp. 2.

    **B. Legal Standard**

The ALJ must apply a five-step sequential evaluation process to each application for disability benefits. See 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ determines whether the claimant is employed. If the claimant is unemployed, the ALJ proceeds to the second step to determine whether the claimant has a severe impairment that prevents her from working. If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment is equivalent to an impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1. If the claimant's impairment meets or equals a listed impairment, the claimant is disabled.

If the claimant does not have a listed impairment, however, the ALJ proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. If the claimant cannot perform her past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of the claimant's RFC, age, education, and work experience. The claimant is entitled to disability benefits only if she is unable to perform other such work.

The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the fifth step. Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008). "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are

not supported by substantial evidence or if the decision is based on legal error . . . . Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008). As long as there is substantial support for the decision in the record, any evidence in the record which could have supported a different conclusion does not undermine the Commissioner's decision. Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990).

**C. Summary of the ALJ's Opinion**

At step one of the five-step sequential evaluation process, the ALJ found that Ms. DeJesus had not engaged in substantial gainful activity since December 12, 2007. (R. at 15). At step two, the ALJ found that the plaintiff suffered from the following six severe impairments: Grave's disease/hyperthyroidism, a heart condition, a history of colostomy, major depressive disorder, personality disorder, and a history of substance abuse. Id. At step three, the ALJ found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1. Id. At step four, the ALJ found that the plaintiff had a residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967(b), except that she can only understand, remember and carry out 2-3 step instructions and can

have no interaction with the public, and only brief, superficial interaction with coworkers and supervisors. Id. at 17. The ALJ further found that the plaintiff is unable to perform her past relevant work as a fast food worker. Id. at 20. At step five, the ALJ found that, considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. Id. Therefore, the ALJ concluded that Ms. DeJesus has not been under a disability, as defined in the Social Security Act from December 12, 2007, the date the application was filed. Id. at 21.

**III. Plaintiff's Arguments**

The plaintiff presents three theories upon which she believes the Commissioner's decision should be reversed and remanded. First, the plaintiff claims that the ALJ did not properly assess her impairments. Second, the plaintiff claims the ALJ did not properly assess her credibility. Third, the plaintiff claims that the ALJ did not properly assess her RFC. The magistrate will examine these arguments seriatim.

    **A. The Assessment of Plaintiff's Impairments**

The plaintiff argues that the ALJ should have found that the headaches she was experiencing were severe impairments. Pl.'s Mem. in Supp. 1. The burden is on the plaintiff to establish that the impairment is severe. 20 CFR §416.912. To be severe, the impairment must satisfy a durational requirement of twelve months.

5

See Mulero v. Comm'r. of Social. Sec., 108 Fed. Appx. 642, 644 (1st Cir. 2004)(citing 20 C.F.R. §§404.1520(a)(4)(ii), 404.1509). Here, the plaintiff had only complained about the headaches for two months, and they only occurred one to two times per month. (R. at 659). Therefore, the headaches do not meet the twelve month durational requirement.

The plaintiff also alleges that the ALJ erred by not finding her panic attacks to be severe. Pl.'s Mem. in Supp. 1. The Commissioner argues that substantial evidence supports his conclusion that the plaintiff's panic attacks are not severe. Def.'s Mem. in Supp. 5-6. First, the Commissioner states that the panic attacks do not occur regularly. Id. at 5. Furthermore, the Commissioner argues, the plaintiff's mental health difficulties were predominantly related to her depression--not to her panic attacks--which the ALJ found was a severe impairment. (R. at 15). This position is supported by multiple medical records. (R. at 404, 408, 412). The Commissioner also states that the state agency medical consultant, Dr. Augenbraun, reviewed the record and determined that the plaintiff's panic attacks were not severe impairments. Def.'s Mem. in Supp. 5. The magistrate finds that this is sufficient evidence upon which the ALJ can conclude that the plaintiff's panic attacks are not severe impairments.

The plaintiff argues that the ALJ did not properly assess her combination of impairments. Pl.'s Mem. in Supp. 3. The

6

Commissioner responds by claiming that the ALJ made a proper assessment of the plaintiff's various impairments at step three. Def.'s Mem. in Supp. 6; (R. at 15-17). The Commissioner also claims that the ALJ properly evaluated the combination of the plaintiff's impairments at his RFC discussion at step four. Def.'s Mem. in Supp. 6; (R. at 17-20). The magistrate agrees with the Commissioner. When taken together, the ALJ's step three and step four analysis sufficiently assessed the plaintiff's combination of impairments. The ALJ explicitly stated that he considered the plaintiff's impairments in combination at several points in his decision. See e.g., (R. at 16) ("Despite the claimant's combined impairments, the medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination."). The ALJ also examined plaintiff's medical records. (R. at 17-20). See also, Gooch v. Sec'y of Health & Human Services, 833 F.2d 589, 591-92 (6th Cir. 1987) ("The ALJ's decision not to reopen Mr. Gooch's earlier application for disability benefits was made after 'a thorough review of the medical evidence of record,' and the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered, particularly in view of the fact that the ALJ specifically referred to 'a combination of impairments' in deciding that Mr. Gooch did not meet

7

the 'listings.'"). Accordingly, the magistrate finds that the ALJ's assessment of the plaintiff's combination of impairments was sufficient.

**B. The ALJ's Credibility Assessment**

The ALJ is required to assess the credibility of the plaintiff's subjective complaints. 20 C.F.R. §416.929. The courts of the Second Circuit follow a two-step process. The ALJ must first determine whether the record demonstrates that the plaintiff possesses a medically determinable impairment that could reasonably produce the alleged symptoms. 20 C.F.R. § 416.929(a)("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled."). Second, the ALJ must assess the credibility of the plaintiff's complaints regarding the intensity of the symptoms. Here, the ALJ must first determine if objective evidence alone supports the claimant's complaints; if not, the ALJ must consider other factors laid out at 20 C.F.R. §416.929(c). See, e.g., Skillman v. Astrue, No. 08-CV-6481, 2010

8

WL 2541279, at *6 (W.D.N.Y. June 18, 2010). These factors include activities of daily living, medications and the plaintiff's response thereto, treatment other than medication and its efficacy, and other relevant factors concerning limitations. 20 C.F.R. §416.929(c)(3). The ALJ must consider all the evidence in the case record. SSR 96-7p 1996 WL 374186, at *5. Furthermore, the credibility finding "must contain specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id. at *4.

Here, the plaintiff alleges that the ALJ failed to consider the fact that the plaintiff has never been able to function independently from her structured family environment. Pl.'s Mot. for Remand 2. The Commissioner notes that there is no support in the record for this claim. Def.'s Mem. in Supp. 8. In fact, the record contains several documents that suggest the plaintiff's family has contributed to her problems. See e.g., (R. at 562 (noting a fight with her brother), 652 (noting abuse from her mother), 655 (noting the plaintiff's anger toward her mother)). Therefore, the ALJ properly discarded this contention.

The plaintiff also cites her Global Assessment Functioning ("GAF") to support her claim that her inability to pay attention and concentrate for a sustained period of time precludes her from

9

being able to hold a job in the national economy. Pl.'s Mot. for Remand 2. The plaintiff states that her GAF fluctuates between 45 and 52, depending on her exposure to stress and exertion, and when it falls to 50 or below, she notices a diminished ability to focus. Id. The Commissioner responds to this by pointing out that the ALJ found the GAF to be 52, based on the finding of Clinician Kate Sorlie. (R. at 19, 651). A score in the 51-60 range is indicative of "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSMIV"), at 32 (4th ed. rev. 1994). Moreover, according to Clinician Sorlie, the plaintiff appeared upbeat, looking for jobs, and extremely motivated for change. (R. at 649, 651, 655). Therefore, the ALJ's assessment of plaintiff's credibility with regard to her symptoms resulting from her mental impairments is supported by substantial evidence.

### C. The ALJ's RFC Assessment

The plaintiff argues that the ALJ failed to properly assess her RFC. Pl.'s Mot. for Remand 1-2. She argues that the ALJ did not properly consider the following conditions: Grave's disease/hyperthyroidism, heart condition, history of colostomy, major depressive disorder, personality disorder, headaches, fear of

people, anxiety, chronic loss of weight, panic attacks and isolationism. Id. at 1. She suggests that had the ALJ properly considered these impairments then he would have found that she is unable to maintain concentration and the persistence of pace that is required to work a full work week. Id. at 2. To support this contention, the plaintiff points to her treating psychiatrist who indicated that the plaintiff had an obvious problem performing basic work activities at a reasonable pace and a serious problem performing work on a sustained basis. Pl.'s Mem. in Supp. 2. The plaintiff appears to be referring to a medical document completed by clinician Kelly Mongon, and then co-signed by Dr. Jacobs. In this document, next to "performing work activity on a sustained basis (i.e., 8 hrs per day, 5 days a week)," Ms. Mongon circled the number 4, indicating a "serious problem," and next to "performing basic work activities at a reasonable pace/finishing on time," Ms. Mongon circled the number 3, indicating an "obvious problem." (R. at 405-06). The Commissioner concedes that the document represents the opinion of a treating physician. Def.'s Mem. in Supp. 9. The Commissioner further concedes that a treating physician's opinion is generally entitled to controlling weight. See id.; 20 CFR §416.927. The rule in the Second Circuit is that a treating physician's opinion need not be accorded controlling weight when it is not consistent with other substantial evidence in the record,

like the opinions of other medical experts. Stanton v. Astrue, 370 Fed. Appx. 231, 234, 2010 WL 1076121, *2 (2d Cir. 2010).

The Commissioner does not believe that Dr. Jacobs' opinion deserves controlling weight here because it is not consistent with other substantial evidence in the record. Def.'s Mem. in Supp. 9. Instead, the Commissioner believes that Dr. Augenbraun's opinion should control because she had reviewed the entire record, whereas Dr. Jacobs did not have the benefit of the entire record, and had only seen the plaintiff once a week for one month. See Def.'s Mem. in Supp. 10; (R. at 404). In his decision, the ALJ stated that he gave Dr. Jacobs' opinion "some weight." (R. at 20). However, the ALJ specifically rejected Dr. Jacobs' opinion that the plaintiff is unable to perform work activity on a sustained basis because "it is not supported by the record." Id. Dr. Augenbraun opined that the plaintiff is able to complete a normal workweek without interruptions from psychologically based symptoms and can perform at a consistent pace without an unreasonable number of rest periods. (R. at 429).

The magistrate agrees with the Commissioner and finds that the ALJ's reliance on Dr. Augenbraun's opinion was not inappropriate. In determining her opinion, Dr. Augenbraun reviewed the plaintiff's medical records. She noted that the plaintiff has "significant medical problems." (R. at 430). She noted that the plaintiff had recent surgery for thyroid disease, and had emergency colostomy

surgery in June 2007.  Id.  She then states that the plaintiff is credible for depression, but that it does not appear to be constant.  Id.  Dr. Augenbraun also noted that the plaintiff had a history of drug abuse, specifically with marijuana and cocaine.  Id.  She wrote "[s]he denied DAA recently but is not highly credible in this regard."  Id.  She also found that the plaintiff is not psychotic at this time and there are no data that support past psychosis.  Id.  Therefore, the ALJ's reliance on Dr. Augenbraun's opinion is supported by substantial evidence.

The plaintiff also argues that she would have to be absent from work three to four days per month and is therefore unemployable.  Pl.'s Mem. In Supp. 2.  Beyond plaintiff's mere contention that this is the case, nothing in the record supports this finding.  Def.'s Mem. In Supp. 12.  Indeed it is contrary to Dr. Augenbraun's opinion.  Supra 12-13.  Accordingly, the magistrate is not convinced by plaintiff's assertion.

**IV. Conclusion**

For there reasons stated above, the plaintiff's motion to reverse and remand (Dkt. #17) should be **DENIED** and the defendant's motion to affirm (Dkt. #22) should be **GRANTED.**  Either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 72(b).  Failure to do so may bar further review.  28 U.S.C. §

636(b)(1)(B); <u>Small v. Sec'y of Health and Human Services</u>, 892 F.2d 15, 16 (2d Cir.1989).

**Dated at Hartford, Connecticut, this 26th day of May, 2011.**

                                    **<u>/s/ Thomas P. Smith</u>**
                                    **Thomas P. Smith**
                                    **United States Magistrate Judge**